IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| AVIS FOX, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-21-01972 |
| | * | |
| STATEBRIDGE COMPANY, LLC, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Avis Fox ("Plaintiff") filed this lawsuit against Statebridge Company, LLC ("Statebridge"), asserting various claims arising out of a mortgage dispute. This Court granted in part and denied in part a motion to dismiss the First Amended Complaint on September 21, 2022. ECF 46. Plaintiff has now filed a motion for leave to file a Second Amended Complaint, which would reinstate some of the claims that were dismissed without prejudice and would add some new causes of action. ECF 56. This Court has reviewed the motion, the proposed Second Amended Complaint, the opposition, and the reply. ECF 61, 68. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Plaintiff's motion for leave to amend will be granted.

I.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be

1

denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

## II.     ANALYSIS

Statebridge argues all three of the criteria for denying leave to amend: prejudice, bad faith, and futility. Its argument about prejudice is unpersuasive.  While this is Plaintiff's third attempt at stating a claim, some of the First Amended Complaint had survived dismissal, meaning that the case will proceed to discovery and further adjudication whether or not amendment is permitted. And this case is at the very earliest stages, with no trial in sight. There is little prejudice, then, from allowing amendment to include other legal theories relating to the same set of facts.

Next, Statebridge argues that Plaintiff's proposed amendments are asserted in bad faith. But its arguments about bad faith are premised on Statebridge's own version of the facts in dispute and on various legal arguments it raises about Plaintiff's claims.  *See* ECF 61-1 at 3-9.  Whether a plaintiff's claim is ultimately meritorious differs from the very low bar of whether the claim is "colorable" for the purposes of assessing good faith.  Without reaching the merits of any of Statebridge's factual or legal contentions, none of them move Plaintiff's proposed amendments into the realm of bad faith.

Finally, Statebridge argues that Plaintiff's proposed amendment is futile because her claims cannot survive a Rule 12(b)(6) motion to dismiss.  ECF 61-1 at 10. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY

KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980))). Somewhat recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the

3

plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend a complaint must demonstrate that each claim can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Without pre-judging the merits of Statebridge's Rule 12(b)(6) arguments, the proposed Second Amended Complaint is not "clearly insufficient or frivolous on its face." Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage. Though this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint

to be filed, and then allowing Statebridge to re-file its arguments in favor of dismissal, if it so chooses, for this Court's substantive consideration under the Rule 12(b)(6) standard.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Complaint, ECF 56, will be GRANTED, permitting the Second Amended Complaint to be docketed. Statebridge should respond to the Second Amended Complaint in the ordinary course. A separate Order follows.

Dated: February 10, 2023 　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge