**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **AVIS FOX,** | |
| *Plaintiff,* | |
| **v.** | Civil Case No. **8:21-cv-01972-SAG** |
| **STATEBRIDGE COMPANY, LLC, et al.,** | |
| *Defendants.* | |

**DEFENDANT STATEBRIDGE COMPANY, LLC'S ANSWER TO
THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Statebridge Company, LLC ("***Statebridge***"), by and through his undersigned counsel, files this Answer to Third Amended Complaint with Affirmative Defenses, and in support thereof avers, as follows:

## I.      INTRODUCTION

1.      Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

2.      Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

3.      Admitted in part, denied in part.  It is admitted that the borrower/owner of the investment property subject of this litigation failed to make the mortgage payments in July 2018 and August 2018 and remained in default during the time period responding Defendant serviced the loan.  The borrower was offered a loan modification in May 2019 but did not accept the proposed terms.  All other allegations are denied.  The allegations are further denied to the extent they are conclusions of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge

incapable of providing a meaningful response. F.R.C.P. 8(a)(2). Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation, including, but not limited to the borrower's ability to repay the loan as the borrower never did so.

## II.    JURISDICTION

4.       Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

5.       Admitted in part. Denied in part. It is admitted that the borrower does not reside at the Property, which Property was identified by the borrower as an investment property.  It is admitted that the Property is encumbered by a promissory note and deed of trust. The remainder of the allegation is denied as a conclusion of law to which no responsive pleading is required.

6.       Admitted in part.  Denied in part.  It is admitted that Statebridge is a Colorado limited liability company that is licensed.  All other allegations are denied.

7.       Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

8.       Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

9.       Denied as stated. The only documents to which borrower is a party are the note and deed of trust, together with any other documents submitted by and/or signed by the borrower(s) in obtaining the promissory note loan secured by the investment property (Property). All other allegations are denied as a conclusion of law to which no responsive pleading is required.

## IV.   FACTS

10.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

11.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

12.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

13.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

14.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

15.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

16.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

17.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

18.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

19.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

20.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

21.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

22.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

23.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

24.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

25. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

26. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

27. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

28. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

29. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

30. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

31. Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

32.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

33.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

34.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

35.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

36.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

37.     Denied as stated.  Further denied as this allegation is speculative in the instant matter; the borrower was offered a TPP but did not accept the offer with regard to the investment property (the "***Property***"). Further denied as there is no legal requirement pursuant to the contract under the note and mortgage for any such requirement.  It is also denied as a conclusion of law to which no responsive pleading is required.

38.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

39.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

40.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

41.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

a.      Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

b.      Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

c.      Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

42.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

43.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

44.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

45.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

46.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

47.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

48     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.  Further denied as the Property was identified as an investment property with regard to the subject deed of trust at issue in this matter.

49.     Admitted.

50.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

51.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

52.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

53.     Admitted in part.  Denied in part. It is admitted that Freddie Mac has a legal interest in the Loan.  The allegation is denied as a conclusion of law to which no responsive pleading is required.

54.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

55.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

56.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

57.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

58.     Admitted.

59.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

60.     Admitted.

61.     Admitted in part.  Denied in part.  It is admitted that Plaintiff failed to submit the August 2018 payment due under the terms of the Loan.

62.     Denied.  On October 5, 2018 borrower advised Statebridge that a 6 month repayment plan was not feasible for her.  All other allegations are denied.

63.     Denied.  On October 5, 2018 borrower advised Statebridge that a 6 month repayment plan was not feasible for her and that she would submit a repayment plan. Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines; more specifically, Plaintiff through her counsel is aware that the monthly payment on a modification would increase; since borrower

had already applied for and accepted two prior modifications, the interest rate was already at the lowest rate available and the loan had already been extended to 40 years.  All other allegations are denied.

64.     Admitted in part. Denied in part. It is admitted that Plaintiff was in arrears for the investment property. The remainder of the allegation is speculative since on October 5, 2018, borrower admitted that she could not successfully complete repay the loan with additional payments and, in fact, at no time did Plaintiff reinstate the loan by making additional monthly payments.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied to the extent any part of the allegation is a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

65.     Denied. On October 5, 2018 Plaintiff admitted that she could not successfully complete a repayment plan regardless of whether or not she was even eligible for one.  The allegation is denied as a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2). Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation, including, but not limited to the borrower's ability to repay the loan as the borrower never did so.

66.     Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied as the Property is an investment property and was not eligible for a repayment plan when the borrower was less than 60 days in arrears.

67.     Denied. The ability of borrower to make payments on this investment property loan was the only means for the default to be cured, including when she was offered a loan modification but made no payments on said third loan modification offer.  The allegation is denied as a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

68.     Denied.  Borrower did not fully complete the loss mitigation forms resulting in the request for consideration for a third modification to initially be denied in December 2018; upon her completion of the loss mitigation process in 2019, Borrower was offered, but rejected a trial payment plan in May 2019.  All other allegations are denied.

69.     Denied.  To the extent Plaintiff has retained all payments sufficient to reinstate the loan then strict proof of this allegation is demanded.  On October 5, 2018, Plaintiff advised Statebridge that she could not make payments in direct contradiction to this allegation now raised in this third amended complaint.  All other allegations are denied as a conclusion of law to which no responsive pleading is required. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation, specifically, Plaintiff's understanding.

70.     Denied.  Borrower did not submit a complete package in September 2018. Further, as to remaining allegations, denied as Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

71.     Denied. To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. All other allegations are denied as a conclusion of law to which no responsive pleading is required.

72.     Denied. After Borrower submitted a completed package she was offered a temporary payment plan to be considered for a loan modification and rejected it.  Additionally, to the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. The allegation is denied as a conclusion of law to which no responsive pleading is required.

73.     Denied. To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  The allegation is denied as a conclusion of law to which no responsive pleading is required.

74.     Denied. Borrower rejected the TPP that was offered to her and has not resumed payments.  As to her ability to actually make payments, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.  All remaining allegations are denied as a conclusion of law to which no responsive pleading is required.

75.     Denied. Borrower rejected the TPP that was offered to her and has not resumed payments.  As to her ability to actually make payments, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.  All remaining allegations are denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

76.     Denied.  Borrower did not submit a complete loss mitigation package in 2018 resulting it her application being denied in December 2018.  In 2019 when she submitted a complete package she received a trial payment plan offer that could lead to a third loan modification but rejected the offer.  As to her ability to actually make payments, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation; she never resumed payments to Statebridge.

77.     Admitted in part. Denied in part. It is admitted that Plaintiff was sent a letter. The paragraph is denied to the extent it is grammatically flawed, rendering Statebridge incapable of providing a meaningful response.

78.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

79.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

80.     Admitted in part. Denied in part. It is admitted that a letter was sent to Plaintiff. The remainder of the allegation is denied as a conclusion of law to which no responsive pleading is required.

81.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

82.     Admitted in part.  Denied in part.  The letter as a writing speaks for itself.  It is admitted that Borrower was offered a trial payment plan and rejected it.  All other allegations are denied.

83.     Admitted in part.  Denied in part.  It is admitted that Borrower was offered a trial payment plan and rejected it.  All other allegations are denied.

84.     Admitted in part.  Denied in part.  It is admitted that Borrower was offered a trial payment plan and rejected it.  All other allegations are denied.

85.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

86.     Admitted in part. Denied in part. It is admitted that at letter was sent to Plaintiff. The remainder of the allegation is denied as a conclusion of law to which no responsive pleading is required. The remainder of the allegation is denied as a conclusion of law to which no responsive pleading is required.

87.     Denied. To the extent the Plaintiff refers to or relies upon the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further, the allegation is denied as a conclusion of law to which no responsive pleading is required.

88.     Admitted in Part.  Denied in Part.  It is admitted that the TPP asked for borrower to make three monthly payments equal to $1,669.70, each.  The offer that was tendered clearly stated that during the TPP the then current loan documents controlled.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Since Borrower rejected the TPP offer the terms of the existing loan remained unchanged.

89.     Admitted in Part.  Denied in Part.  It is admitted that the P&I payment in the proposed loan modification would have been greater than the current P&I monthly payment due from the Borrower; it is also admitted that the borrower's monthly payment was going to increase such that the borrower did not qualify for an automatic loan modification.  It is further denied that the projected escrow shortage repayment over a period of 12 to 60 months in a permanent modification was ever addressed nor decided since the borrower rejected the TPP and

therefore did not qualify for the permanent modification.  All other allegations are denied as conclusions of law to which no response is required.

90.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation; she never resumed payments to Statebridge.  The allegation is denied as a conclusion of law to which no responsive pleading is required.

91.     Denied.  The allegation in this paragraph is contradictory to the allegation contained in 89 in which Plaintiff is fully aware that the P&I in the TPP offer was approximately $846.65.  Since the borrower rejected the TPP there was never a third permanent modification presented such that a final calculation of P&I and Escrow and repayment of escrow shortage was never finally calculated.  Further denied as speculative since the borrower never made a payment to Statebridge after July 1, 2018 nor accepted the TPP offer.

92.     Denied.  Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation because she never resumed payments to Statebridge, nor has borrower demonstrated that she had the ability to make the regular monthly payment.  Further denied as the borrower had been through 2 previous loan modification processes with regard to her investment property.

93.     Denied. Denied as the terms of the offer clearly disclose that the current loan terms remain in place until the TPP is completed and new terms are offered.  The 5/1/2019 letter transmitting the offer clearly stated, "an interest rate of 4.125%, which will be fixed for 40 years from the date the modification is effective."; there was never a formal third modification offered because borrower rejected the TPP offer.  Further denied to the extent the allegation is denied as a conclusion of law to which no responsive pleading is required.

94.     Denied.  Borrower admittedly rejected the TPP offer as set forth in paragraph 90. Further denied as the borrower could have still accepted the offer but intentionally refused to accept the offer that could have led to borrower's third modification.

95.     Admitted in part. Denied in part. Upon information and belief, it is admitted that Plaintiff filed a CFPB Complaint. The allegation is denied as to the content of the CFPB Complaint.

96.     Admitted in part. Denied in part. Upon information and belief, it is admitted that Plaintiff filed a CFPB Complaint. The allegation is denied as to the content of the CFPB Complaint.

97.     Admitted in part.  Denied in part.  Borrower was offered the opportunity to perform under a TPP for her investment property but rejected the offer that was provided once she submitted a complete loss mitigation package.

98.     Admitted in part.  Denied in part.  It is admitted that borrower spoke to Statebridge (Richard) in July 2019 and was directed to speak with the foreclosure attorney.  All other allegations are denied.

99.     Admitted in part.  Denied in part.  It is admitted that a foreclosure was not filed. As to the remaining allegations, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

100.     Denied.  Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.  Further denied as the Property is an investment property that is not occupied by the borrower.

101.     Denied.  Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.  Borrower had already rejected the TPP such that there would not be a third modification offered.

102.     Denied. To the extent Plaintiff spoke to Statebridge representatives, she was treated with respect at all times. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      a.     Denied.  The TPP had been rejected.

      b.     Denied.  Borrower had rejected the TPP such that a third modification could not be offered.  Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

      c.     Denied.  Borrower admittedly rejected the TPP such that she could not qualify for third modification.  As to remaining allegations, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

      d.     Denied.  Borrower admittedly rejected the TPP such that she could not qualify for third modification.  To the contrary, the call log of 8/22/2019 confirms that Borrower was told her failure to make payments resulted in the denial of a loan modification and that she would have to resubmit for consideration.  As to remaining allegations, Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

103.     Denied as stated.  The TPP by definition was only 3 payments after which a loan modification would have been provided.  In paragraph 3 of her complaint, borrower states that she would have been able to catch up on her regular monthly payment over a "few months" which means she claims she could have paid in excess of $2,100/month to bring the loan current, see paragraph 3, but months later could not make 3 payments of $1,669.70, see paragraph 86.

The modification of the loan would have happened after the 3 TPP payments were made however borrower rejected the proposal.

104.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

105.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

106.     Denied as stated.  Any written letter sent on behalf of Statebridge speaks for itself. Denied to the extent the letter has not been attached to the complaint.

107.     Denied.  Borrower's loan was in default because she failed to make payments.

108.     Admitted. It is admitted that a letter was sent to Plaintiff. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation, specifically, when the letter was received by Plaintiff.

109.     Admitted.  The loan was service transferred.

110.     Admitted in part. Denied in part. Statebridge admits the contents of the response that it authored. The remainder of the allegation is denied as a conclusion of law to which no responsive pleading is required. The allegation is not "a short and plain statement" evincing the pleader's entitlement to relief, rendering Statebridge incapable of providing a meaningful response. F.R.C.P. 8(a)(2).

111.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

112.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

113.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

114.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

115.     Denied.  Borrower had participated in 2 prior successful modifications such that borrower fully understood that the borrower had to provide a complete loss mitigation package to be considered for loss mitigation options, including a loan modification.  Further to the extent the Plaintiff refers to or relies upon the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.

116.     Denied. This allegation is contradictory to the admitted statements made by Plaintiff that she failed to make her July 2018 and August 2018 payments in a timely fashion. Further denied as this statement contradicts early allegations made by Plaintiff that she was, in fact, many months behind on her mortgage.  The allegation is also denied to the extent it is a conclusion of law to which no responsive pleading is required.

117.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Plaintiff is neither vulnerable nor unsophisticated.

118.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

119.     Denied.  Borrower was in default as of July 2018 many months before the COVID crisis such that her loan, already significantly in default.  The allegation is denied as a conclusion of law to which no responsive pleading is required.

120.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

121.     Denied.   Borrower advised Statebridge on October 5, 2018 that she could not successfully enter into a repayment plan.  Further denied as borrower rejected a TPP approved on May 1, 2019 for a possible third loan modification.  Further Borrower has not provided an proof that she has the funds to pay the loan even though she has alleged that she has retained the funds pending confirmation that she could enter into a repayment plan or other loss mitigation resolution.  The remainder of the allegation is denied to as Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

122.     Denied.  Prior to submitting this third amended complaint, Plaintiff was fully aware that her monthly P&I mortgage payment for August 1, 2018 was $812.37.  When she successfully completed her loss mitigation package seeking a third modification she was also now fully aware that her monthly P&I under the possible third modification would be $846.65; meaning before filing this third amended complaint she was fully aware that her monthly P&I payment was going to go up; hence she was not eligible for a Streamlined Flex Modification back in 2019.  Further denied as Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the conduct and actions of subsequent servicers.

123.     Admitted in part. Denied in part. It is admitted that the servicing of the Loan was transferred. The allegation is denied to the extent Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation, specifically, if Plaintiff was "unsure".

124.     Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

125.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation.

126.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

127.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      a.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      b.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      c.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      d.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

      e.     Denied. Statebridge lacks knowledge or information sufficient to form a belief about the truth of the allegation. The allegation is denied as a conclusion of law to which no responsive pleading is required.

128.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

129.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

130.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

    a.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

    b.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

    c.    Denied. The allegation is denied as a conclusion of law to which no responsive pleading is required.

### COUNT I – VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT, MD. CODE ANN., COM. LAW § 13-101

131.    Denied. This is an incorporation paragraph to which no responsive pleading is required.

132.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

133.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

134.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

135.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

136.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

a.      Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

b.

c.      Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

d.      Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

e.      Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

f.      Denied.  The averment is denied as a conclusion of law to which no responsive pleading is required.  Further denied as Statebridge received a loss mitigation package and continued to diligently work with the borrower until it was actually completed and borrower was offered an opportunity for a third modification, but she rejected the TPP.

g.      Denied.  Statebridge tendered a TPP offer to borrower.  Borrower rejected the TPP offer such that no permanent third loan modification was ever offered.  Only in the event of a permanent modification would there be need to contact borrower regarding a modified loan, including, but not limited to the handling of a Projected Escrow Shortage.

h.      Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

i.      Denied. Statebridge reasonably maintained contact with Plaintiff.

137.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

138.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

139.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

140.    WHEREFORE, Defendant Statebridge Company, LLC requests that this Honorable Court enter judgment in its favor and against Plaintiff, and award it damages, costs, attorneys' fees, and such other relief deemed appropriate by the Court.

### COUNT II – VIOLATIONS OF THE MARYLAND MORTGAGE FRAUD PROTECTION ACT, MD. CODE ANN., REAL PROP. § 7-401, *ET SEQ.*

141.    Denied. This is an incorporation paragraph to which no responsive pleading is required.

142.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

143.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

144.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

145.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

146.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

147.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

148.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

a.       Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  The property was an investment property and borrower suffered no harm.

b.       Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  The property was an investment property and borrower suffered no harm.  Plaintiff admits that prior to the filing of this third amended pleading Plaintiff was aware that her P&I payment of $812.37 would increase to $846.65 thereby making her ineligible for any automatic loan modification consideration.

c.       Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  The property was an investment property and borrower suffered no harm.  Further denied as the TPP is not a loan modification agreement and does not specifically address a Projected Escrow Shortage that would be relevant to a permanent modification.  Since Borrower rejected the TPP she was not eligible for a third loan modification in mid-2019.

149.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Statebridge acted reasonably at all times and made no misrepresentations.

150.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Statebridge acted reasonably at all times and made no misrepresentations.

a.      Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Borrower was experienced with seeking loss mitigation in connection with the loan and had received 2 prior modifications, each of which resulted in the borrower defaulting on payments and seeking another attempt at loss mitigation.  On October 5, 2018, Plaintiff confirmed that she could not perform on a repayment plan nor has she provided any evidence that she had sufficient funds to perform under a repayment plan.

b.      Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied as Borrower's obligations to make monthly payments is irrelevant to the servicing relationship with Statebridge and Freddie Mac.

c.      Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. Further denied as the failure of the Borrower to make monthly payments is in the sole control of the Borrower. Borrower refused loss mitigation options offered to her;  Borrower is not legally entitled to any relief in connection with her investment property loan under the terms of the loan documents.

d.      Denied.  The TPP document speaks for itself and did not represent the final terms of any modification; rather it only was 3 payments that the borrower had claimed she could have easily made (See paragraph 3) in order to then enter into a third permanent loan modification.  Since the borrower rejected the TPP there was no decision made regarding any remaining Projected Escrow Shortage since there was no permanent modification.

e.      Denied as speculation.  The property was not sold at auction while serviced by Statebridge.

151.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

152.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

153.    WHEREFORE, Defendant Statebridge Company, LLC requests that this Honorable Court enter judgment in its favor and against Plaintiff, and award it damages, costs, attorneys' fees, and such other relief deemed appropriate by the Court.

COUNT III – FRAUD OR NEGLIGENT MISREPRESENTATION

154.    Denied. This is an incorporation paragraph to which no responsive pleading is required.

155.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

a.    Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Borrower was experienced with seeking loss mitigation in connection with the loan and had received 2 prior modifications, each of which resulted in the borrower defaulting on payments and seeking another attempt at loss mitigation.  On October 5, 2018, Plaintiff confirmed that she could not perform on a repayment plan nor has she provided any evidence that she had sufficient funds to perform under a repayment plan.

b.    Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied as Borrower's obligations to make monthly payments is irrelevant to the servicing relationship with Statebridge and Freddie Mac.

c.        Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. Further denied as the failure of the Borrower to make monthly payments is in the sole control of the Borrower. Borrower refused loss mitigation options offered to her;  Borrower is not legally entitled to any relief in connection with her investment property loan under the terms of the loan documents.

156.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

157.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

a.        Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Borrower was experienced with seeking loss mitigation in connection with the loan and had received 2 prior modifications, each of which resulted in the borrower defaulting on payments and seeking another attempt at loss mitigation.  On October 5, 2018, Plaintiff confirmed that she could not perform on a repayment plan nor has she provided any evidence that she had sufficient funds to perform under a repayment plan.

b.        Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied as Borrower's obligations to make monthly payments is irrelevant to the servicing relationship with Statebridge and Freddie Mac.

c.        Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. Further denied as the failure of the Borrower to make monthly payments is in the sole control of the Borrower.

Borrower refused loss mitigation options offered to her;  Borrower is not legally entitled to any relief in connection with her investment property loan under the terms of the loan documents.

        d.      Denied.  The TPP document speaks for itself and did not represent the final terms of any modification; rather it only was 3 payments that the borrower had claimed she could have easily made (See paragraph 3) in order to then enter into a third permanent loan modification.  Since the borrower rejected the TPP there was no decision made regarding any remaining Projected Escrow Shortage since there was no permanent modification.

        e.      Denied as speculation.  The property was not sold at auction while serviced by Statebridge.

158.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

159.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

160.    WHEREFORE, Defendant Statebridge Company, LLC requests that this Honorable Court enter judgment in its favor and against Plaintiff, and award it damages, costs, attorneys' fees, and such other relief deemed appropriate by the Court.

### COUNT V – BREACH OF CONTRACT

161.    Denied. This is an incorporation paragraph to which no responsive pleading is required.

162.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

163.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

164.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

165.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

166.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

167.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

168.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

169.    Admitted.

170.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

171.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

172.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

173.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

174.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

175.     WHEREFORE, Defendant Statebridge Company, LLC requests that this Honorable Court enter judgment in its favor and against Plaintiff, and award it damages, costs, attorneys' fees, and such other relief deemed appropriate by the Court.

COUNT VI – NEGLIGENCE

176.     Denied. This is an incorporation paragraph to which no responsive pleading is required.

177.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

178.     Denied. The averment is denied as a conclusion of law to which no responsive pleading is required.

a.     Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Borrower was experienced with seeking loss mitigation in connection with the loan and had received 2 prior modifications, each of which resulted in the borrower defaulting on payments and seeking another attempt at loss mitigation.  On October 5, 2018, Plaintiff confirmed that she could not perform on a repayment plan nor has she provided any evidence that she had sufficient funds to perform under a repayment plan.

b.     Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines.  Further denied as Borrower's obligations to make monthly payments is irrelevant to the servicing relationship with Statebridge and Freddie Mac.

c.     Denied.  To the extent the Plaintiff refers to the Servicing Guide the Plaintiff fails to accurately and/or fully refer to and/or apply the guidelines. Further denied as the

failure of the Borrower to make monthly payments is in the sole control of the Borrower. Borrower refused loss mitigation options offered to her;  Borrower is not legally entitled to any relief in connection with her investment property loan under the terms of the loan documents.

           d.      Denied.  The TPP document speaks for itself and did not represent the final terms of any modification; rather it only was 3 payments that the borrower had claimed she could have easily made (See paragraph 3) in order to then enter into a third permanent loan modification.  Since the borrower rejected the TPP there was no decision made regarding any remaining Projected Escrow Shortage since there was no permanent modification.

179.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff is neither vulnerable nor unsophisticated.

180.    Denied. The averment is denied as a conclusion of law to which no responsive pleading is required. Plaintiff suffered no damages.

181.    WHEREFORE, Defendant Statebridge Company, LLC requests that this Honorable Court enter judgment in its favor and against Plaintiff, and award it damages, costs, attorneys' fees, and such other relief deemed appropriate by the Court.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's claims are barred for failure of consideration.

2.    Plaintiff's claims are barred by her perpetration of fraud.

3.    Plaintiff fails to state a claim upon which relief may be granted.

4.    This Court lacks personal jurisdiction over Defendant Statebridge.

5.    This Court lacks subject matter jurisdiction over Defendant Statebridge.

6.    Venue is improper.

7.    The Plaintiff lacks standing.

8.      Plaintiff's claims are barred by the statute of limitations.


 /s/Steven K. Eisenberg
Steven K. Eisenberg, Esq.
STERN & EISENBERG, P.C.
1581 Main Street, Suite 200
Warrington, PA 18976
Phone: (410) 635-5127, Ext 4467
Fax: (443) 815-3931
seisenberg@sterneisenberg.com
*Counsel for Defendant Statebridge*


## AFFIDAVIT OF SERVICE

I certify that on this 5th day of July, 2023, a true and correct copy of the Answer to Third Amended Complaint with Affirmative Defenses was served on all parties via ECF.

/s/Steven K. Eisenberg