UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

September 25, 2023

**<u>LETTER ORDER</u>**

  Re: <u>Fox v. Statebridge Company, LLC</u>
     Civil Case No. SAG-21-1972

Dear Counsel:

  After a number of discovery disputes requiring Court intervention, Plaintiff Avis Fox filed a Motion for Sanctions against Defendant Statebridge Co., LLC. ECF 116. Statebridge opposed the motion, ECF 119, and Plaintiff filed a reply, ECF 126. After reviewing the filings, this Court finds no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion is granted in part and attorneys' fees and costs are awarded in a total amount of $10,000.00.

  As background, since this Court was assigned to this case in September, 2022, it has presided over a number of discovery disputes relating to untimely and insufficient responses from Statebridge. Statebridge's letter opposing an award of sanctions focuses mostly on the perceived merits of the case as a whole. ECF 119. In other words, Statebridge believes Plaintiff's case has significant flaws, and it focused its efforts on attempting to convince Plaintiff her case lacked merit instead of fulfilling its discovery obligations. While those two efforts can and should have proceeded simultaneously, prejudice is caused to plaintiffs (and to this Court's efforts at efficient management of its docket) when one party does not produce discovery in a timely and complete fashion, requiring the expenditure of legal fees and repeated Court intervention. This Court would not describe Statebridge's position as "bad faith," but it was not the type of diligent engagement in discovery that can ward off discovery disputes. Statebridge represented inaccurate information to Plaintiff and to the Court, disregarded deadlines, and failed to respond to communications. Unsurprisingly, Statebridge's actions caused Plaintiff to elevate issues for Court resolution.

  Statebridge contends that Plaintiff is using the sanctions process as a "recoupment strategy" since she now recognizes that her claim lacks merit. This Court takes no position on that contention, other than to note that regardless of the ultimate outcome of a party's claims, a party has the right to the discovery permitted by the Federal Rules. And this Court need not consider the merits of a case when enforcing the discovery provisions in those rules.

  This Court agrees that Statebridge's lack of diligence caused Plaintiff to incur attorney's fees to bring disputes before this Court. This Court generally granted relief, to some extent, in response to Plaintiff's requests. An award of fees is therefore appropriate under Fed. R. Civ. P.

37(a)(5)(C). This Court believes, however, that the sum Plaintiff requests is excessive, in part because of the nature of the relief granted, in part because of the lack of bad faith on Statebridge's part, and in part because some of the expenses sought are not directly attributable to Statebridge's lack of diligence but are a function of the normal discovery process. This Court will award a total sanction against Statebridge in the amount of $10,000 to compensate Plaintiff, in part, for the fees and costs incurred in its motions practice to procure discovery in this case.

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                  Sincerely yours,

                                      /s/

                                Stephanie A. Gallagher
                                United States District Judge